UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MEGAN MARIE LADRIGUE, individually
and on behalf of all others similarly situated,

                    Plaintiff,                       Case No. 1:19-cv-11196

v.                                        Honorable Thomas L. Ludington
                                         United States District Judge

CITY OF BAY CITY and CITY OF BAY
CITY DOWNTOWN DEVELOPMENT
AUTHORITY,

                    Defendants.

_____/

**OPINION AND ORDER (1) GRANTING AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT AND (2) DENYING DEFENDANT DDA'S MOTION TO DISMISS**

In April 2019, Bay City resident Megan Marie LaDrigue brought this putative class action against the City and its Downtown Development Authority (DDA), seeking a refund of the "thousands of dollars" that she paid in municipal parking tickets. ECF No. 1 at PageID.3. Like the plaintiffs in similar cases brought throughout the country, LaDrigue claims that Bay City and the DDA's practice of tire-chalking violates the Fourth Amendment.

Now, three years after bringing this case, LaDrigue has decided to "move on." ECF No. 46 at PageID.791. She and putative class member Jody E. Tyvela have filed a motion for leave to amend the complaint to substitute Tyvela as the named plaintiff.

Defendants oppose the motion, arguing that Tyvela cannot substitute for LaDrigue because Tyvela's claims are time barred. The DDA has also filed a motion to dismiss the case for LaDrigue's failure to seek class certification.

Because Tyvela's claims relate back to the complaint, LaDrigue and Tyvela's motion to amend the complaint will be granted as to their request to add Tyvela as a named plaintiff. The motion will be denied, however, as to their request to dismiss LaDrigue as a named plaintiff, as dismissing LaDrigue at this juncture would unduly prejudice Defendants. Finally, the DDA's motion to dismiss will be denied because the DDA forfeited any objection to LaDrigue's untimeliness, and because dismissal is unwarranted under Federal Rule of Civil Procedure 41(b).

## I.

For decades, municipalities throughout the country have enforced their parking restrictions with the help of tire-chalking, a process in which a parking officer marks a vehicle's tire to track its parking time. In April 2019, the Sixth Circuit held that tire-chalking is a search under the Fourth Amendment, requiring either a search warrant or an exception to the warrant requirement. *Taylor v. City of Saginaw*, 922 F.3d 328, 333 (6th Cir. 2019). The same day that *Taylor* was decided, LaDrigue brought this action, seeking to represent a class of people who had a tire chalked by Defendants "during the relevant statutorily limited period." ECF No. 1 at PageID.4.

In July 2020, after approximately a year of discovery, the case was stayed pending the disposition of another appeal in *Taylor* concerning the applicability of the administrative-search exception to the warrant requirement. ECF No. 41. Roughly a year later, the Sixth Circuit decided the question in the plaintiff's favor, holding that tire-chalking is not justified by the administrative-search exception. *Taylor v. City of Saginaw*, 11 F.4th 483, 489 (6th Cir. 2021). Following *Taylor II*, the stay in this case was lifted and discovery was reopened. ECF No. 42.

Despite the stay being lifted, the case remains at a standstill. Recently, LaDrigue told her counsel that she no longer wants to proceed as the named plaintiff because "life has moved on for her." ECF No. 46 at PageID.790. As a result, LaDrigue and another putative class member, Jody

E. Tyvela, have filed a motion to amend the complaint to substitute Tyvela as the named plaintiff. *Id.* at PageID.791. According to the proposed amended complaint, Tyvela presents substantially similar allegations as LaDrigue: that her vehicle was tire-chalked in violation of the Fourth Amendment, and that she was required to pay at least one parking ticket for less than the "thousands of dollars" that LaDrigue apparently paid. ECF No. 46-3 at PageID.801.

Defendants oppose the motion, arguing that Tyvela's claims would not relate back to the complaint and would therefore be barred by the three-year statute of limitations. *See* ECF Nos. 48 at PageID.846–48; 51 at PageID.954–55.

The DDA has also filed a motion to dismiss the case—or at least all the class allegations—based on LaDrigue's failure to timely seek class certification. ECF No. 50 at PageID.914 (arguing that LaDrigue should have filed a motion for class certification by November 29, 2019).

Having carefully reviewed the parties' briefing, this Court finds that a hearing is unnecessary and will address the pending motions on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II.

### A.

The first issue is whether LaDrigue and Tyvela may file an amended complaint adding Tyvela as named plaintiff and dismissing LaDrigue.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.[1] As relevant here, Rule 15 allows a party to amend its pleading "with the opposing party's written consent or the

---

[1] LaDrigue and Tyvela's motion also seems to implicate Federal Rule of Civil Procedure 24, which governs the right of nonparties to intervene in a case. As relevant here, Rule 24 provides that "[o]n a timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). Because no party raises Rule 24 in its briefing, this Opinion does not directly address the Rule's application. Even so, based on the facts discussed here in Section II, Rule 24 would not produce a different

- 3 -

court's leave." FED. R. CIV. P. 15(a)(2). Although leave to amend should be freely given "when justice so requires," *id.*, leave "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile," *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 787 (E.D. Mich. 2020) (quoting *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011)).

### i.

Defendants contend that it would be futile to amend the complaint because Tyvela's claims would not relate back. ECF No. 48 at PageID.845–46. Under Rule 15, an amendment may be deemed to relate back to the date of the original pleading if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

In the Sixth Circuit, the general rule is that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991). Thus, Defendants argue, Tyvela's claims would be barred by the three-year statute of limitations. *See* ECF No. 48 at PageID.847–48.

In claiming that Tyvela is a "new party" bringing "new claims," Defendants overlook an important feature of class actions. In *American Pipe and Construction Co. v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). For this reason, at least one federal court of

---

result than Rule 15. *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (providing test for permissive intervention).

appeals has held that when a putative class member is added as a named plaintiff, her claims will relate back to the date of the original pleading. *See Phillips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006).

In *Phillips*, the named plaintiffs in two putative class actions added named plaintiffs to avoid the statute of limitations. *Id.* at 786. As a result, the Seventh Circuit addressed essentially the same question presented here: "whether amending a complaint to add or substitute named plaintiffs (class representatives) 'commences' a new suit." *Id.* To outline the practical significance of the issue, the Seventh Circuit posed a hypothetical: "Suppose Mr. X files a class action and after the statute of limitations has run the defendant settles with X. If a named plaintiff cannot be substituted for X with relation back to the date of the filing of the original complaint, the class will be barred from relief." *Id.* at 788. According to the Seventh Circuit, courts need not tolerate such a harsh result. Because the new plaintiffs stated claims arising out of "the same transaction or occurrence set up in the original pleading," and because the filing of a class action "tolls the statute of limitations for class members," the Seventh Circuit held that the addition of the new plaintiffs "did not commence new suits." *Id.* at 788.

The Seventh Circuit's reasoning is persuasive. The Federal Rules of Civil Procedure expressly contemplate the intervention of unnamed class members. *See* FED. R. CIV. P. 23(d)(1)(B)(iii) (providing that courts may issue notice inviting unnamed class members "to intervene and present claims or defense, or to otherwise come into the action"). And the "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation." *Phillips*, 435 F.3d at 787 (collecting cases); *see also* WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 2:17 (5th ed. 2022) ("When mootness of the named

plaintiff's claims occurs, intervention by absentee members is freely allowed in order to substitute them as class representatives.") (collecting cases).

Denying *American Pipe* tolling to absent class members like Tyvela would, in effect, allow defendants to avoid a decision on the merits by exploiting changes in class representation. For example, a clever defendant could delay class certification until the statute of limitations has passed and then attempt to "pick off" the named plaintiff. *See Griffith v. Bowen*, 678 F. Supp. 942, 947 (D. Mass. 1988) (granting putative class leave to propose new named plaintiffs after claims of original named plaintiffs were mooted). Without *American Pipe* tolling, any absent class member attempting to intervene and preserve the class would find her claims time barred. *Cf. Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978) ("If the class action device is to work, the courts must have a reasonable opportunity to consider and decide a motion for certification.").

Although there is no evidence of such gamesmanship here, the same rule should apply. As in *Phillips*, Tyvela's addition is reasonably necessary to prevent the case from being dismissed for either mootness or failure to prosecute. *See Phillips*, 435 F.3d at 788 ("If a named plaintiff cannot be substituted for X with relation back to the date of the filing of the original complaint, the class will be barred from relief."). Tyvela and other absent class members should not be punished simply because their putative representative has decided to "move on."

This result is consistent with Sixth Circuit precedent. In *Asher v. Unarco Material Handling, Inc.*, several plaintiffs attempted to join a suit against a manufacturer after the relevant one-year statute of limitations had passed. 596 F.3d 313, 315 (6th Cir. 2010). Consistent with *In re Kent*, the Sixth Circuit held that the claims of the new plaintiff did not relate back. *Id.* at 318–19. Importantly, however, the Sixth Circuit noted that the new plaintiffs were *not* absent members of a class action. *Id.* at 319. As the Sixth Circuit explained:

> In urging relation back of their claims, the new plaintiffs did not seek to correct a misnomer or misdescription of a proper party plaintiff already in court, nor did they attempt "to change the capacity in which [they] sue[d]; or to substitute or add as plaintiff[s] the real party interest; *or to add additional plaintiffs where the action, as originally brought, was a class action*." *Hill v. Shelander*, 924 F.2d 1370, 1376 (7th Cir. 1991) (describing circumstances under which "[a] plaintiff may usually amend his complaint under Rule 15(c)") (citations and internal quotation marks omitted). Instead, they attempted to circumvent the statute of limitations, adding new parties and new claims.

*Id.* (emphasis added).

In this way, *In re Kent* suggests that if the new plaintiffs were merely absent members of a class action attempting to intervene, relation back would have been appropriate.

Allowing Tyvela to join the case would also comport with this Court's prior decisions. In *Bromley v. Michigan Education Association-NEA*, the plaintiffs, a group of non-union employees, sought to add several named plaintiffs to correct certain defects revealed during discovery. 178 F.R.D. 148, 151, 156–57 (E.D. Mich. 1998) (noting that the original named plaintiffs appeared to lack standing against five of the eight defendants). In response, the defendants argued that the new plaintiffs' claims were barred because *American Pipe* tolling did not apply to class claims. *Id.* at 158. This Court rejected that argument as premised on a misreading of a prior Sixth Circuit decision and granted the new plaintiffs' motion to intervene. *Id.* at 158–59 (holding that "the intervening plaintiffs were putative class members as alleged in the complaint and the statute of limitations was tolled from the moment of filing of the complaint").

Based on Defendants' briefing, the only published, in-circuit case that militates against Tyvela is *Barnes v. First American Title Insurance Co.*, 473 F. Supp. 2d 798 (N.D. Ohio 2007). In *Barnes*, two absent class members sought to intervene as named plaintiffs given their concern that

the original named plaintiffs could not adequately represent them.[2] *Id.* at 799. The court denied

their request because the new named plaintiffs were "new parties" bringing "new claims." *Id.* at

801–802. The court did not, however, discuss *Phillips* or any of the other case law regarding the

substitution of named plaintiffs. Nor did it explain why *American Pipe* tolling would not apply,

given that such tolling supposedly extends to "all asserted members of the class *who would have*

*been parties* had the suit been permitted to continue as a class action." *American Pipe*, 414 U.S. at

554 (emphasis added).

For these reasons, *Barnes* is unpersuasive, and Tyvela should not be denied the opportunity

to intervene as named plaintiff.

### ii.

Defendants also argue that amending the complaint would be futile because the proposed

amended complaint does not identify "when [Tyvela] was allegedly issued parking ticket(s)." ECF

No. 51 at PageID.956. Defendants reason that Tyvela's tickets might have been issued outside the

three-year statute of limitations. *Id.*

In her reply brief, Tyvela explains that she received at least one parking ticket on May 5,

2016—less than three years before the complaint was filed. *See* ECF No. 54 at PageID.985.

Presumably, LaDrigue and Tyvela's counsel forgot to include this information in the proposed

amended complaint.

To ensure that his error is corrected, counsel will be directed to include the date of Tyvela's

ticketing in the amended complaint.

---

[2] The underlying subject matter of *Barnes* is not entirely clear from the opinion. *See Barnes*, 473
F. Supp. 2d at 799 (discussing the refinancing of certain unidentified property).

**iii.**

Although their arguments regarding Tyvela are unpersuasive, Defendants make an important point regarding LaDrigue. Citing this Court's decision in *Counts v. General Motors, LLC*, No. 16-CV-12541, 2019 WL 13059910 (E.D. Mich. Mar. 12, 2019), Defendants argue that LaDrigue has not shown good cause for voluntary dismissal. ECF No. 51 at PageID.951–53. Specifically, they suggest that LaDrigue only wants to be dismissed as class representative to avoid appearing for a deposition or litigating the applicability of the *Rooker-Feldman* and *Heck* doctrines. *See id.* at PageID.953–954 (arguing that *Rooker-Feldman* and *Heck* apply because LaDrigue was convicted for failing to appear for show-cause hearings regarding her parking tickets).

In *Counts*, a putative class representative in a complex action against General Motors sought voluntary dismissal due to the stress of his discovery obligations. *Counts*, 2019 WL 13059910, at *1–2. Rather than oppose the representative's dismissal outright, GM asked that he first be compelled respond to certain outstanding discovery requests, which GM had made in preparation for its certification briefing. *See Counts*, 2019 WL 13059910, at *1–2; *see also id.* at *1 (noting that the case involves a "442-page complaint" "alleging deceptive advertising, breach of contract, and fraudulent concealment claims under the laws of thirty states"). In the end, this Court denied the representative's motion without prejudice, allowing him to renew it after responding to GM's outstanding discovery requests. *Id.* at *2.

This case presents a somewhat similar circumstance. As explained in their briefing, Defendants have been trying to depose LaDrigue for years and appear to have invested significant resources to develop legal defenses specific to her claims. *See* ECF Nos. 50 at PageID.911 (noting that LaDrigue's deposition has been scheduled four times); 51 at PageID.951–54. At this point,

LaDrigue might simply want to dismiss her claims with prejudice. If so, dropping her from the case would be appropriate. But to the extent that LaDrigue wishes to join the ranks of absent class members and share in whatever relief might be awarded, she may not do so without first allowing Defendants to litigate their prepared defenses.

For this reason, LaDrigue and Tyvela's motion to amend the complaint will be denied in part as to the request to dismiss LaDrigue from the case. LaDrigue may decide, as a result, that dismissal with prejudice is in her best interest. But this Court will not allow her to proceed as an absent class member without first responding to Defendants' discovery requests and, if necessary, summary-judgment arguments.

### iv.

In summary, because Tyvela is entitled to *American Pipe* tolling, and because her claims arise from the same conduct set forth in the complaint, she may intervene in the case as a named plaintiff. LaDrigue, however, may not be dropped as a named plaintiff given the potential prejudice to Defendants.[3]

### B.

The next issue is whether this case should be dismissed for LaDrigue's failure to timely seek class certification. The DDA contends that LaDrigue should have filed a motion for class certification by November 29, 2019. ECF No. 50 at PageID.914. Her failure to do so, the DDA

---

[3] The same day that LaDrigue and Tyvela filed their reply brief, they also filed a one-page, single-citation motion asking this Court to expedite its decision on their motion to amend. ECF No. 56. They explained that until this Court authorized Tyvela to join the case, their counsel was "highly uncomfortable" with "pursuing needed discovery." *Id.* at PageID.1000. True as that might be, the proper response would have been to file a motion to extend the discovery period, not a motion to expedite. *See* FED. R. CIV. P. 16(b)(4) (authorizing court to modify scheduling order "for good cause"). Nonetheless, because their motion to amend has been resolved, LaDrigue and Tyvela's motion to expedite will be denied as moot.

argues, requires the dismissal of all class allegations. *Id.* at PageID.914–16. And given LaDrigue's decision to "move on," DDA contends that the dismissal of all class allegations would moot the case. *Id.* at PageID.917–18.

DDA's motion to dismiss will be denied for two reasons.

**i.**

First, DDA forfeited any objection to LaDrigue's violation of the scheduling order by not timely raising it. According to the original scheduling order, the motion for class certification was due on November 29, 2019. ECF No. 14. Yet, in the months following that date, DDA never mentioned LaDrigue's violation of the scheduling order. On the contrary, DDA stipulated to two scheduling-order extensions, presumably grounded in good cause. ECF Nos. 30; 37. And in February 2020, when LaDrigue sought to quash her deposition, DDA argued that it "ha[d] the right to question [her] as to *the prerequisites for class certification*." ECF No. 34 at PageID.553 (emphasis added); *see also* DDA's Resp. to Mot. for Stay, ECF No. 39 at PageID.696 (arguing against stay given that "[it] ha[d] not even had the opportunity to question [LaDrigue] as to the prerequisites for class certification").

Having decided not to raise the issue for eight months before the case was stayed—thus contributing to LaDrigue's apparent confusion—the DDA may not seek dismissal for LaDrigue's untimeliness. *Cf. Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 790208, at *3 (S.D. Ohio Mar. 2, 2021) (finding that party forfeited discovery objection because it waited until nine months after close of discovery to file motion to compel), *report and recommendation adopted*, No. 2:19-CV-411, 2021 WL 2410378 (S.D. Ohio June 14, 2021).

**ii.**

Second, the DDA has not shown that dismissal of the class allegations is justified under the circumstances. The DDA seeks the dismissal of the class allegations as a sanction under Federal Rule of Civil Procedure 41. ECF No. 50 at PageID.912. Rule 41 provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). To determine whether dismissal under Rule 41(b) is appropriate, courts typically consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Although no single factor is dispositive, a court may dismiss a case when there is a "clear record of delay or contumacious conduct." *Id.*

Here, the *Knoll* factors do not weigh in favor of dismissal. Although LaDrigue's failure to timely seek class certification has delayed this case, the DDA contributed to that delay by not timely raising the issue. *See supra* Section II.B.i. Additionally, there is no evidence that LaDrigue acted in bad faith or that she knew of her violation.

The DDA argues that dismissal of the class allegations would be consistent with *Kline v. Mortgage Electronic Registration Systems, Inc.*, in which the Sixth Circuit affirmed a district court's decision to strike class allegations after the plaintiff failed to timely seek class certification. 704 F. App'x 451 (6th Cir. 2017) (unpublished). But the district court in *Kline* struck the plaintiff's class allegations only after "repeated[ly] emphasi[zing] . . . the necessity of complying with [its] [class-certification] deadline." *Id.* at 468. Here, LaDrigue has never even received formal notice

- 12 -

of her error and, until recently, likely believed that she had until the close of discovery to file a motion for class certification.

LaDrigue's failure to respond to the DDA's motion does not alter this analysis.[4] "The law in this Circuit is not entirely clear whether a party's mere failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion." *Simmons v. City of Trenton*, No. 2:20-CV-12355, 2021 WL 6882421, at *2 (E.D. Mich. Oct. 25, 2021) (first citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991); and then citing *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (per curiam) (unpublished table decision)), *report and recommendation adopted sub nom. Simmons v. Michigan*, No. 20-12355, 2022 WL 157819 (E.D. Mich. Jan. 18, 2022).

But even if the failure to respond was a sufficient ground for dismissal, there is no reason to believe that a district court *must* grant a dispositive motion on that ground. *See Scott*, 1989 WL 72470 at *2 ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court *may* deem the plaintiff to have waived opposition to the motion." (emphasis added)).

By all appearances, LaDrigue did not respond to the DDA's motion because her counsel forgot to file a response brief. Although frustrating, such forgetfulness does not justify granting a motion that is unsupported by the record. Moreover, the Sixth Circuit is "reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney." *Knoll*, 176 F.3d at 363 (quoting *Buck v. USDA*, 960 F.2d 603, 608 (6th Cir. 1992)).

For these reasons, the DDA's motion to dismiss will be denied. Because the class allegations will not be dismissed, this Court need not consider the DDA's argument that the case would be moot without the class allegations. *See* ECF No. 50 at PageID.917–18.

---

[4] LaDrigue indicated in her reply brief, filed after DDA's motion to dismiss, that she would respond to the DDA's motion to dismiss later. *See* ECF No. 55 at PageID.993. Her counsel apparently forgot to do so.

**III.**

Accordingly, it is **ORDERED** that Plaintiff LaDrigue and Intervening Plaintiff Tyvela's Motion for Leave to File a First Amended Complaint, ECF No. 46, is **GRANTED IN PART AND DENIED IN PART**. The request to add Tyvela as a named plaintiff is **GRANTED**. The amended complaint must identify the date on which Tyvela received at least one qualifying parking ticket. The request to drop LaDrigue is **DENIED**. LaDrigue shall remain a named plaintiff and must comply with all duly made discovery requests until further order of this Court.

Further, it is **ORDERED** that Defendant DDA's Motion to Dismiss, ECF No. 50, is **DENIED**.

Further, it is **ORDERED** that Plaintiff LaDrigue and Intervening Plaintiff Tyvela's Motion to Expedite, ECF No. 56, is **DENIED AS MOOT**.

An amended scheduling order with the remaining dates will be issued separately.

Dated: April 22, 2022                                    s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge