UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MEGAN MARIE LADRIGUE
and JODY E. TYVELA, individually
and on behalf of all others similarly situated,

   Plaintiffs,         Case No. 1:19-cv-11196

v.                 Honorable Thomas L. Ludington
                  United States District Judge

CITY OF BAY CITY and CITY OF BAY
CITY DOWNTOWN DEVELOPMENT
AUTHORITY,

   Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT DDA'S
MOTION FOR RECONSIDERATION**

This matter is before this Court on Defendant Bay City Downtown Development Authority's (DDA) Motion for Reconsideration. ECF No. 64. For the reasons stated hereafter, the DDA's Motion will be denied.

**I.**

For decades, municipalities throughout the country have enforced their parking restrictions with the help of tire-chalking, a process in which a parking officer marks a vehicle's tire to track its parking time. In April 2019, the Sixth Circuit held that tire-chalking is a search under the Fourth Amendment, requiring either a search warrant or an exception to the warrant requirement. *Taylor v. City of Saginaw*, 922 F.3d 328, 333 (6th Cir. 2019). The same day that *Taylor* was decided, LaDrigue brought this action, seeking to represent a class of people who had a tire chalked by Defendants "during the relevant statutorily-limited period." ECF No. 1 at PageID.4.

In July 2020, after approximately a year of discovery, the case was stayed pending the disposition of another appeal in *Taylor* concerning the applicability of the administrative-search exception to the warrant requirement. ECF No. 41. Roughly a year later, the Sixth Circuit decided the question in the plaintiff's favor, holding that tire-chalking is not justified by the administrative-search exception. *Taylor v. City of Saginaw*, 11 F.4th 483, 489 (6th Cir. 2021). Following *Taylor II*, the stay in this case was lifted and discovery was reopened. ECF No. 42.

This case hit another roadblock, however, when LaDrigue told her counsel that she no longer wanted to proceed as named plaintiff because "life ha[d] moved on for her." ECF No. 46 at PageID.790. Seeking to join the ranks of unnamed members, LaDrigue filed a motion to be substituted with another putative class member, Jody E. Tyvela, who alleged the same material facts. *Id.* at PageID.791.

Defendants opposed the motion, and the DDA filed a motion to dismiss the case due to LaDrigue's failure to timely seek class certification by November 29, 2019. ECF No. 50 at PageID.914.

LaDrigue's motion was granted in part and denied in part. Although LaDrigue and Tyvela made a compelling case for adding Tyvela as a named plaintiff, the equities weighed against dismissing LaDrigue, given the resources that Defendants had invested into defending her claims. *See LaDrigue v. City of Bay City*, No. 1:19-CV-11196, 2022 WL 1205000, at *5 (E.D. Mich. Apr. 22, 2022) (noting that "Defendants have been trying to depose LaDrigue for years and appear to have invested significant resources to develop legal defenses specific to her claims"). This Court

noted that dismissal might be appropriate if LaDrigue intended to dismiss her claims *with prejudice*, but at that time, her intentions remained unclear.[1] *Id.*

The DDA's motion, by contrast, was denied for two reasons: (1) the DDA forfeited its objection by not raising it until 18 months after the certification deadline had passed, *id.* at *6; and (2) there was no evidence that LaDrigue "acted in bad faith or . . . knew of her violation," *id.* (discussing factors in *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The only complicating factor was LaDrigue's counsel's failure to respond to the DDA's motion to dismiss, despite his stated intention to do. *See* Pl.'s Reply Brief, ECF No. 55 at PageID.993. Still, because there was no authority suggesting that a district court *must* grant a nominally unopposed motion to dismiss, this Court declined to grant the DDA's motion merely because of counsel's oversight.[2] *LaDrigue*, 2022 WL 1205000, at *7.

The DDA has since filed a motion for reconsideration. Citing two unpublished cases, it argues that LaDrigue "waived opposition" to the motion to dismiss by not filing a response. ECF No. 64 at PageID.1075–77 (first citing *Tranchmontagne v. U.S. Dep't of Hous. & Urb. Dev.*, No. 20-CV-12842, 2021 WL 2662283, at *2 (E.D. Mich. June 29, 2021); then citing *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328 (6th Cir. 2008)).

Because the DDA's Motion seeks reconsideration of a prior order, a hearing is unnecessary, and this Court will proceed to resolve the motion on the papers. *See* E.D. Mich. LR 7.1(f)(1).

---

[1] LaDrigue has since filed a motion to dismiss her claims with prejudice, which remains pending. *See* ECF No. 62.
[2] A new Scheduling Order was also entered, requiring Plaintiffs to file a motion for class certification by May 31, 2022.

**II.**

In this District, parties seeking reconsideration of a nonfinal order must file their motion within 14 days and must show that:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

**III.**

The DDA argues that this Court erred in denying its motion to dismiss (1) because LaDrigue, not the DDA, forfeited the certification issue and (2) because LaDrigue waived her opposition to the motion by not filing a response. Neither point is persuasive.

**A.**

Regarding the forfeiture issue, the DDA does little to address any of the facts or rationale that this Court cited in its decision. As explained in the prior Order, LaDrigue's motion for certification was due in November 2019. Yet, in the months that followed, the DDA stipulated to two discovery adjournments and sought to depose LaDrigue so it could "question [her] as to the prerequisites for class certification." ECF No. 34 at PageID.553; *see also* DDA's Resp. to Mot. for Stay, ECF No. 39 at PageID.696 (arguing against stay given that "[it] ha[d] not even had the opportunity to question [LaDrigue] as to the prerequisites for class certification"). Given the DDA's conduct, a reasonable person could infer—and in LaDrigue's case, likely did infer—that the DDA intended to address the certification issue on the merits when discovery was complete. Nonetheless, more than one month after the stay was lifted—and 18 months after the certification

deadline had passed—the DDA filed its motion to dismiss, raising for the first time LaDrigue's compliance with the scheduling order.

The DDA correctly notes that, with respect to the discovery adjournments, it was "not the DDA's position to protect Plaintiff's interests in this litigation." ECF No. 64 at PageID.1071. But it was the DDA's position to protect its *own interests*, which, in this case, meant raising and preserving an objection.

**B.**

The DDA's claim that LaDrigue "waived" her opposition is premised on two nonbinding decisions, neither of which support its position. *See* ECF No. 64 at PageID.1075–77 (first citing *Tranchmontagne*, 2021 WL 2662283, at *2; and then citing *Humphrey*, 279 F. App'x at 328).

In *Tranchmontagne*, this Court granted two unopposed motions to dismiss after the *pro se* plaintiff, who had sought leave to respond verbally, "fail[ed] to offer any excuse for her substantial delay in requesting th[at] relief, or to request an extension of time to submit a response." *Tranchmontagne*, 2021 WL 2662283, at *6 (noting that "[n]umerous cases have held that where a plaintiff fails to respond to a motion to dismiss, his or her claims are deemed abandoned"). But this Court granted those motions only *after* "undertake[ing] an independent review of the motions to dismiss and the sufficiency of [the] complaint" and concluding that the complaint either failed to state a claim or was barred by sovereign immunity. *Id.* at *7–11. Additionally, *Tranchmontagne* did not consider whether a district court *must* grant an unopposed motion to dismiss.

*Humphrey* is even less analogous. There, the district court granted two unopposed motions to dismiss after "[finding] them to be well-taken for the reasons discussed therein." *Humphrey*, 279 F. App'x at 330. The plaintiff challenged the district court's holding on appeal, but the Sixth Circuit deemed his challenge waived, explaining that it would "not consider arguments raised for

the first time on appeal unless [its] failure to consider the issue w[ould] result in a plain miscarriage of justice." *Id.* at 331 (quoting *In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003)).

To reiterate this Court's prior order, "[t]he law in this Circuit is not entirely clear whether a party's mere failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion." *LaDrigue*, 2022 WL 1205000, at *7 (quoting *Simmons v. City of Trenton*, No. 2:20-CV-12355, 2021 WL 6882421, at *2 (E.D. Mich. Oct. 25, 2021), *report and recommendation adopted sub nom. Simmons v. Michigan*, No. 20-12355, 2022 WL 157819 (E.D. Mich. Jan. 18, 2022)). "But even if the failure to respond was a sufficient ground for dismissal, there is no reason to believe that a district court *must* grant a dispositive motion on that ground." *Id.* (citing *Scott v. State of Tenn.*, 878 F.2d 382 (6th Cir. 1989)). And as seen in *Tranchmontagne* and *Humphrey*, courts that grant unopposed motions to dismiss often still consider the underlying merits.

Here, after considering the merits of the DDA's motion to dismiss, this Court found dismissal to be unwarranted. The DDA has not offered any persuasive reason to revisit that finding, so its motion for reconsideration will be denied.

### C.

As a final matter, this Court will address the declaration that the DDA filed in support of its motion for reconsideration. The declaration states that on April 7, 2022, after LaDrigue's response brief was due, a paralegal working for the DDA's counsel called this Court's chambers to ask whether the hearing on the motion—scheduled more than a month away—"was going forward considering [LaDrigue] [had] not file[d] a response." ECF No. 64-1 at PageID.1081. This Court's case manager allegedly informed her that LaDrigue "did not have to file a written response" and could respond orally at the hearing. *Id.* at PageID.1081–82.

These facts, if assumed true, would at most show some confusion about the Local Rules, which require parties to file a written response within 21 days of a motion to dismiss. E.D. Mich. LR 7.1(e)(2). They would not establish any mistake warranting reconsideration.

To be clear, counsel may ask the case manager for help with scheduling conflicts or other administrative matters. But the case manager cannot provide information about a court decision that has not been entered or otherwise furnish legal advice. As electronic filers, counsel ought to know that all changes to this Court's calendar, including motion-hearing dates, are available on ECF, and that ECF automatically notifies counsel of any new filings.

### IV.

Accordingly, it is **ORDERED** the DDA's Motion for Reconsideration, ECF No. 64, is **DENIED**.

Dated: May 18, 2022         s/Thomas L. Ludington
                            THOMAS L. LUDINGTON
                            United States District Judge