UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JODY TYVELA,

    *Plaintiff*,　　　　　　　　　　CASE NO. 1:19-CV-11196

v.

CITY OF BAY CITY,　　　　　　　DISTRICT JUDGE THOMAS L. LUDINGTON
and CITY OF BAY CITY　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS
DOWNTOWN DEVELOPMENT
AUTHORITY,

    *Defendants.*

_____/

**REPORT AND RECOMMENDATION ON ORDER GRANTING
MOTION FOR ORDER TO SHOW CAUSE**
**(ECF No. 100)**

## I.　INTRODUCTION

On September 9, 2022, the Court held a settlement conference with the parties via zoom conferencing. The parties reached a settlement and the settlement was placed on the record and recorded.

On October 11, Plaintiff filed a motion to enforce settlement by entry of an order to show cause as to why payment was not tendered and settlement documents not signed as to both Defendants. (ECF No. 98.) The Court granted the motion and ordered the Defendants to show cause on or before October 27, 2022. (ECF No.

1

100.) On October 27, 2022, Defendant City of Bay City (Bay City) and Defendant City of Bay City Downtown Development Authority (DDA) each filed a response to the show cause order (ECF Nos. 107, 110.) Plaintiff filed a reply. (ECF No. 108.) In addition, sealed exhibits were filed by both Defendants. (ECF Nos. 106, 111.)

## II. ANALYSIS

### A. Standards

"A district court may enforce a settlement agreement if (1) it has subject matter jurisdiction over the separate, breach of contract controversy surrounding the settlement agreement; (2) determines 'that agreement has been reached on all material terms'; and (3) the 'agreement is clear and unambiguous, and no issue of fact is present.'" *Ivy Room, LLC v. City of Hazel Park*, 2022 WL 5320112, at *3 (E.D. Mich. Sept. 6, 2022)(internal citations omitted). The Sixth Circuit has "long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing." *Bostick Foundry Co. v. Lindberg*, 797 F.3d 280, 282-83 (6th Cir. 1986) (collecting cases).

### B. Application

The court first finds that jurisdiction remains with the court since the case was not yet dismissed. Second, the court suggests that agreement was reached on all material terms. Third, the court further suggests that the agreement was clear and

unambiguous and that no issue of fact exists that would require an evidentiary hearing.

Scattered comments in the defense documents imply or expressly state that because of an issue with recording, the entire settlement agreement was not placed on the record (e.g., ECF No. 106, PageID.1463) (sealed). These statements are patently false. Although it is true that discussion occurred prior to the placement of the settlement on the record, as they do in all settlement conferences, after the court started the recording, the material terms of the agreement were placed on the record. The court also invited the parties to memorialize the important aspects of the settlement agreement on the record, the parties took that opportunity, and placed their statements on the record. (ECF No. 97.) (sealed). The record reveals no indication that the parties wanted to place any other provisions or comments on the record but were somehow prevented from doing so. (*Id.*)

The two versions of the settlement agreement tendered to the court are a draft from defense counsel (ECF No. 102, PageID.1423-1426), and a version "corrected" by Plaintiff's counsel which uses defense counsel's format. (ECF No. 102, PageID.1437-1440.) The main difference between them and the heart of the instant dispute involves two issues: (1) whether the settlement agreement included an express prohibition that "Plaintiff's counsel would not litigate any future claim against Defendants arising out of the practice of chalking for parking enforcement"

3

(ECF No. 102, PageID.1425); and (2) whether the agreement included a provision to "gag Plaintiff or Plaintiff's counsel." (ECF No. 108, PageID.1495.) There was also some debate about the timing of payment but that issue is mooted by the passage of time.

Taking the second issue first, it does not appear that Defendants are arguing for a "gag order" nor is there such a provision in the draft written by counsel for Defendant City of Bay City. (ECF No. 102, PageID.1423-26.) There does not appear to be any substantive difference in the "corrected" draft by Plaintiff's counsel as to the alleged "gag order." (ECF No. 102, PageID.1437-40.) I further note that defense counsel for the City of Bay City did affirm on the record, after consulting with his client, that the absence of a "gag order" would not "break the deal." (ECF No. 97, PageID.1369-71.) Therefore, the record is clear and the settlement agreement should not include any "gag order."

As to the first issue regarding future claims that could be brought by Plaintiff's counsel, both drafts have provisions releasing and discharging Defendants from claims arising out of the allegations in the present litigation and every other claim that could have been asserted therein. (ECF No. 102, PageID.1424, 1438.)

Instead, the language added by defense counsel that "Plaintiff's counsel will not litigate any future claim against Defendants arising out of the practice of tire chalking for parking enforcement" (ECF No. 102, PageID.1425) is the disputed

4

language. Future claims were discussed but it was noted by all counsel that the statute of limitations had already run since the chalking practice ended more than three years ago from the time of the settlement conference. (ECF No. 106, PageID.1463.) (defense summary) The issue of tolling was also discussed regarding a potential putative class action but the parties remained at odds as to interpretation of case law. (*Id*.) The issue regarding future litigation simply did not appear to be a material one because of the limitation period having passed. Although defense counsel now views the conversation as resulting in Plaintiff's counsel agreeing to a provision such as the one quoted above, there was no such agreement. Had there been such an agreement, it would have been placed on the record with the other material provisions but it was not. Accordingly, any draft of the settlement agreement should not contain the above quoted language regarding a prohibition on counsel bringing future claims.

Even if the record as to the future claims prohibition was not clear and unambiguous, I suggest it would be wholly improper to include any such provision. Michigan Rule of Professional Conduct 5.6(b) prohibits an attorney from "offering or making [] an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties." The Official comment further explains that "[p]aragraph (b) prohibits a lawyer from agreeing to represent other persons in connection with settling a claim on behalf of a client."

5

Therefore, to include the provision drafted by defense counsel would be to countenance unethical behavior.

### III. CONCLUSION

For the reasons stated above, I recommend the Court enforce the settlement agreement, require Defendants to sign the agreement as drafted by Plaintiff's counsel (ECF No. 102, Ex. C, PageID.1437-40), and tender the agreed upon settlement proceeds forthwith.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 2, 2022                   s/ Patricia T. Morris
                                         Patricia T. Morris
                                         United States Magistrate Judge